UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARKIENA DESHANE BRADY-DAVIS,

    Plaintiff,

v.

MATTHEW D. HARTMAN, et al.,

    Defendants.

CASE NO. 2:23-CV-559-JHC-DWC

REPORT AND RECOMMENDATION

Noting Date: May 26, 2023

Plaintiff Markiena Deshane Brady-Davis, proceeding *pro se*, filed this civil rights complaint under 42 U.S.C. § 1983. Dkt. 1-1. The Court has considered Plaintiff's proposed complaint and concludes Plaintiff has not stated a claim upon which relief can be granted. The Court also finds leave to amend is not warranted. Accordingly, the Court recommends this case be dismissed for failure to state a claim and Plaintiff's Application to Proceed *In Forma Pauperis* (IFP) be denied.

**I.    Background**

In the proposed complaint, Plaintiff, a pretrial detainee housed in the King County Jail ("Jail"), alleges his rights were violated by Michael Hartman, his defense attorney. Dkt. 1-1.

Specifically, Plaintiff asserts Hartman and the Impact Law Group, where Hartman works, failed to provide Plaintiff with copies of his discovery in his criminal case and took actions that resulted in Plaintiff being denied treatment for gender dysphoria. Dkt. 1-1. Plaintiff seeks injunctive relief, production of documents, and monetary damages. *Id*. at 19.

## II.    Discussion

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an

act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844 F.2d at 633-34. Further, a § 1983 suit cannot be based on vicarious liability alone, but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989).

Plaintiff alleges claims against Michael Hartman, his defense attorney, and Impact Law Group, the firm where Mr. Hartman works. Dkt. 1-1. As stated above, to state a claim for relief under § 1983, Plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived [him] of rights secured by the Constitution or federal statutes." *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986). The United States Supreme Court has held that court-appointed criminal defense attorneys are not state actors, and therefore, are not subject to § 1983 liability when they are acting in the capacity of an advocate for their clients. A "lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under the color of state law' within the meaning of § 1983." *Polk Cty. v. Dodson,* 454 U.S. 312, 318 (1981). While it is not clear if Defendant Hartman was appointed by the state court, it is clear Defendants Hartman and Impact Law Group, as Plaintiff's criminal defense attorneys, are not state actors. Therefore, they cannot be liable under § 1983 and Plaintiff has failed to state a claim against them.[1]

### III. Leave to Amend

Unless it is absolutely clear that no amendment can cure the defect, a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal

---

[1] The case caption also names Justin Sier as a defendant. Dkt. 1-1, at 1. The Court finds Plaintiff has not alleged any claims against Mr. Sier.

of the action. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, any attempt by Plaintiff to amend the proposed complaint would be futile. The named defendants are not proper and additional allegations against these defendants would not cure the deficiencies. As such, the Court finds Plaintiff should not be afforded leave to amend his proposed complaint.

### IV. Conclusion

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted and leave to amend would be futile. Therefore, the Court recommends this case be dismissed and the dismissal count as a "strike" under 28 U.S.C. §1915(g). The Court also recommends Plaintiff's Application to Proceed IFP be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on May 26, 2023, as noted in the caption.

Dated this 5th day of May, 2023.

David W. Christel
Chief United States Magistrate Judge